IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH WILBORN, No. R-17937, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-cv-00070-JPG |
| | ) | |
| DAVID EALEY, | ) | |
| WILLIAM JOHNSON, | ) | |
| BENNETT, | ) | |
| LLOYD, | ) | |
| MR. HENRY, | ) | |
| OFFICER STARKWEATHER, | ) | |
| A. WALTER, | ) | |
| REES, | ) | |
| SORT TEAM DRIVERS, | ) | |
| TAC TEAM, | ) | |
| SHELBY DUNN, | ) | |
| LAKEISHA HAMBY, | ) | |
| CHRISTOPHER PHEMISTER, and | ) | |
| OTHER UNKNOWN STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joseph Wilborn, currently incarcerated at Pontiac Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 pertaining to events at Menard Correctional Center ("Menard") and Tamms Correctional Center ("Tamms").[1] Plaintiff contends that after prison officials at Menard severely beat him in July 2011, rather than providing him with medical care for his injuries, they transported him overnight to Tamms, where he was denied care and retaliated against in various ways for more than a year. The original complaint enumerated nine separate claims (Doc. 13). By Order dated February 20,

---

[1] Tamms Correctional Center closed in January 2013.

2013 (Doc. 23), Counts 1-6 were permitted to proceed, while Counts 7-9 were severed into three new cases, pursuant to *George v. Smith,* 507 F.3d 605 (7th Cir. 2007). Plaintiff was given the opportunity to opt out of the newly severed cases, each of which would require an additional $350.00 filing fee to be paid. Because Plaintiff had paid the initial filing fee for the present action, he was directed to show cause why he should not bear the costs of service of summons and the complaint upon the defendants (Doc. 33).

Plaintiff is now before the Court seeking reconsideration of the severance decision (Docs. 24, 35). He is also attempting to secure pauper status for purposes of having service of process effected by the United States Marshal at government expense (Docs. 25, 32). Each issue will be addressed in turn.

### 1. Current Procedural Posture

At this juncture, Plaintiff's nine claims stand as follows:

*Wilborn v. Shicker, et al.*, No. 13-cv-00070-JPG
(the present case)

Count 1: Against Menard correctional officers Johnson, Bennett, Lloyd, Ealey, Starkweather, Henry and unknown staff for subjecting Plaintiff to excessive force—beating him and spraying mace in his face, in violation of the Eighth Amendment;

Count 2: Against Major Rees and other unknown officials who exhibited deliberate indifference when they watched Plaintiff being attacked and failed to intervene, in violation of the Eighth Amendment;

Count 3: Against Defendants Johnson, Bennett, Lloyd, Ealey, Starkweather, Henry, Rees, unknown staff, and Nurse Walters for their deliberate indifference in failing to get Plaintiff medical care for his injuries, in violation of the Eighth Amendment;

Count 4: Against Defendants Johnson, Bennett, Lloyd, Ealey, Starkweather, Henry, Rees and unknown staff for beating Plaintiff and/or transferring him to Tamms in retaliation for "complaining," and in an effort to stop Plaintiff from complaining about the beating, all in violation of the First Amendment;

Count 5:   Against "two Tamms Sort Drivers" who transported Plaintiff to Tamms, and those who first encountered Plaintiff upon his arrival— the "Tamms Tac Team," Nurse Dunn, Nurse Hamby, and two unidentified officers—for their deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment; and

Count 6:   Against C/O Phemister for denying Plaintiff food and drink on multiple occasions in retaliation for the events at Menard and for complaining about his treatment, in violation of the First Amendment.

*Wilborn v Shicker, et al.*, No. 13-cv-00176-MJR
(Pauper status granted; case pending)

Count 7:   Against, the Medical Director for the Illinois Department of Corrections, Louis Shicker, and Tamms Medical Director Dr. Powers, and Health Care Unit Administrator Vinyard, for their deliberate indifference in violation of the Eighth Amendment when they denied Plaintiff follow-up care recommended by an outside physician.

*Wilborn v. Vanhoorebeke*, No. 13-cv-00177-GPM
(Voluntarily dismissed April 4, 2013)

Count 8:   Against Property Officer Vanhoorebeke for taking Plaintiff's eye glasses and a manuscript from Plaintiff's property that was transferred from Menard to Tamms, in retaliation for the altercation with the officials at Menard, in violation of the Eighth Amendment.

*Wilborn v. Phelps*, No. 13-cv-00178-MJR
(Voluntarily dismissed April 2, 2013)

Count 9:   Against Correctional Officer Phelps for ransacking Plaintiff's cell, handcuffing Plaintiff too tightly, and refusing Plaintiff reading materials—all in retaliation for the altercation with guards at Menard, in violation of the Eighth Amendment.

## **2. Motion for Reconsideration**

The Order directing the severance of Counts 7-9 from this action was entered on February 20, 2013 (Doc. 23). Just eight days later, on February 28, 2013, Plaintiff filed his "Motion to Amend Exhibits and Motion to Reconsider Counts 7-9 Remain in the Above Case No." [sic] (Doc. 24). On April 5, 2013, Plaintiff filed a supplemental brief of sorts, reiterating

3

his position that all nine claims are interrelated and should not be severed (Doc. 35).[2]

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. Rule 59(e) provides for motions to alter or amend *judgment*, and Rule 60(b) permits motions for relief from a *final* judgment or order, but both of those mechanisms are inapplicable to interlocutory orders, such as a severance order. However, the court maintains broad authority to reconsider an interlocutory order. *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't,* 510 F.3d 681, 694 n. 5 (7th Cir. 2007).

"A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas,* 549 F.3d 497, 501 (7th Cir. 2008); *see also Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570, 571-72 (7th Cir. 2006) ("The authority of a district judge to reconsider a previous ruling in the same litigation ... is governed by the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous.").

Plaintiff Wilborn is essentially asserting that the Court has misunderstood his allegations. He contends that all of the harm that befell him—at Menard, during transport, and at Tamms—was causally connected, motivated by retaliation and loyalty among prison officials. He also argues that all claims are causally connected, in that had he not initially been beaten at Menard, he would not have needed medical treatment, nor would he have been transferred, nor would there have been anything to motivate the retaliation he incurred at Tamms.

"Unrelated claims against different defendants belong in different suits[.]" *George v.*

---

[2] Although Plaintiff has voluntarily dismissed the cases presenting Counts 8 and 9, for purposes of analysis, the Court will analyze the severance issue with respect to all nine of the claims.

*Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Otherwise, prisoners easily could sidestep the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996), in particular the PLRA's provisions regarding filing fees. *See id.* Rule 18 provides, in relevant part, that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed.R.Civ.P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George,* 507 F.3d at 607.

The Court has broad discretion to determine when joinder is appropriate. *See Thompson v. Boggs,* 33 F.3d 847, 858 (7th Cir.1994). *See also* 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1653 (3d ed. 1998 & Supp. 2011) (the discretion district courts have as to joinder "promote[s] judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20") (collecting cases).

From Plaintiff Wilburn's perspective, all nine of his claims stem from the attack at Menard that is the subject of Count 1, which led to his injuries, inadequate medical care, his transfer and retribution upon arrival at Tamms (Counts 1-6) and continuing for more than a year thereafter. For example, Count 7 is captioned, "Continuing Violation Deliberate Indifference Follow Up Treatment" [sic].

This Court remains convinced that Counts 1-6 are not reasonably related to Counts 7-9. As previously explained, Counts 1-6 are factually and chronologically intertwined, and the legal issues are related. However, the thread linking those claims —whether it be chronology or loyalty among prison officials—becomes too thin and attenuated to reasonably warrant

consideration of Counts 7-9 in the same action as Counts 1-6.

Aside from the origin of the physical injuries for which Plaintiff sought follow-up care, there is no link between Count 7 and Counts 1-6.  In Count 7, Plaintiff claims Medical Director Louis Shicker, Dr. Powers and Health Care Unit Administrator Vinyard all denied a recommended orthopedic consultation *for budgetary reasons*, and he otherwise takes issue with various treatment decisions made through at least June 2012.  These issues can be decided independently from Counts 1-6.

Count 8 alleges that when his personal property arrived from Menard, Tamms Property Officer Vanhoorebeke intentionally removed Plaintiff's glasses and a manuscript from the shipment, "as a token of get back."  According to the complaint, Vanhoorebeke said he would continue to interfere with Plaintiff's mail and property "for [Vanhoorebeke's] friends at Menard."  Again, whether Vanhoorebeke retaliated against Plaintiff for complaining about the Menard attack can be determined independently from Counts 1-6, and separately from Count 7.

Count 9 alleges that, on multiple occasions, Tamms correctional officer Phelps ransacked Plaintiff's cell, denied him reading materials and otherwise mistreated Plaintiff in retaliation for grievances and complaining about the attack at Menard.  This claim can also be determined independently from all other claims.

For these reasons, the Court does not find that there was any misunderstanding of Plaintiff's claims, or any other basis for altering the decision to sever Counts 7-9 into separate actions.  Therefore, Plaintiff Wilborn's motion for reconsideration of the severance of claims (Docs. 24, 35) shall be denied.

### 3. Pauper Status and Service of Process

Plaintiff Wilborn paid the $350.00 filing fee to commence this action.  Therefore, on

March 20, 2013, this Court directed Plaintiff to show cause by April 19, 2013, why his motion for service of process at government expense (Doc. 25) should not be denied (Doc. 33).  After a series of procedural missteps (which will be overlooked in light of Plaintiff's diligence and *pro se* status), Plaintiff's "Motion to Re-File the Documents of Service at Government Expense with Application of Forma Pauperis" [sic] (Doc. 32), and "Motion to Show Cause and Status of Prior Motions" (Doc. 37) are before the Court.   These documents are construed as satisfying the order to show cause, and as a motion for leave to proceed as a pauper.  If pauper status is granted, then service would be at government expense, pursuant to 28 U.S.C. § 1915(d).

A review of Wilborn's prison trust fund account statement reveals that when Plaintiff transferred from Tamms to Pontiac in December 2012, he had over $700.00 in his account, but by February 25, 2013, his account had been depleted down to only $49.02.  Since that time, Wilborn has been granted pauper status in *Wilborn v Shicker, et al*., No. 13-cv-00176-MJR, one of the cases severed from this action.  Therefore, Wilborn has established that he qualifies for pauper status, which at this juncture would entitle him to service of process at government expense.

### 4. Pending Motions

Having completed the required threshold review and resolved the service issue, Plaintiff's most recent motion for action on all pending motions (Doc. 38) shall be denied as moot.

Plaintiff's motion regarding access to the prison law library (Doc. 36) shall be referred to United States Magistrate Judge Philip M. Frazier for determination.

### 5. Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff Wilborn's motion for reconsideration of the severance of Count 7-9 from this action (Docs. 24, 35) is **DENIED**.

The Clerk of Court is **DIRECTED** to have the record reflect that the Court's Order to Show Cause (Doc. 33) has been **SATISFIED** by Plaintiff's response (Doc. 37).

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, Plaintiff Wilborn's motions for pauper status and for service of summons and the complaint at government expense (Docs. 25, 32) are **GRANTED**. Consequently, Plaintiff's motion for action on all pending motions (Doc. 38) is **DENIED AS MOOT**.

The Clerk of Court shall prepare for Defendants **DAVIS EALEY**, **WILLIAM JOHNSON**, **BENNETT**, **LLOYD**, **MR. HENRY**, **OFFICER STARKWEATHER**, **A. WALTER**, **REES**, **SHELBY DUNN**, **LAKEISHA HAMBY** and **CHRISTOPHER PHEMISTER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the unknown Defendants—**SORT TEAM DRIVERS**, **TAC TEAM** and **OTHER UNKNOWN STAFF**—until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

8

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, which shall include a determination of the pending motion regarding Plaintiff's access to the prison law library (Doc. 36).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Philp M. Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to proceed as a pauper, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: June 13, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**