IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH WILBORN, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-70-JPG-PMF |
| ) | |
| WILLIAM JOHNSON, et al., ) | |
| ) | |
|    Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's Amended Complaint (Doc. No. 88). Plaintiff is proceeding on Counts 1-6 against eleven named defendants and several unidentified parties. Claims identified as Counts 7-9 were severed (Doc. No. 23).

The Amended Complaint adds a number of new claims and new parties. The new allegations have been screened pursuant to 28 U.S.C. § 1915A. The claim identified in the Amended Complaint as Count 7 should be renumbered as Count 10 in order to avoid confusion with the claim that was previously identified as Count 7 and severed. Renumbered Count 10 (alleging a state law claim of battery) should proceed against David Ealey, William Johnson, Andrew Bennett, James Lloyd, Sean Henry and Sean Starkweather. Ricky Daugherty, Douglas Mason, Derek Richardson, Christopher Wehrenberg and Shane Osman should be added to Count 5 as additional defendants. The Clerk should be directed to prepare Form 5 and Form 6 (notice and waiver of service of summons) for Ricky Daugherty, Douglas Mason, Derek Richardson, Christopher Wehrenberg and Shane Osman. Service should be made accordance with the instructions in the June 13, 2013, Order (Doc. No. 39).

Plaintiff adds other new claims, linking them to one of his original claims through allegations of retaliatory motive, failure to intervene, and/or deficient training and supervision.

Those new claims (identified in the Amended Complaint as Counts 8, 9, 10, 11, 12, 13, 14, and 15) were improperly joined in this action because the new claims do not bear a sufficient relation to the original claims to join all defendants in one suit. Fed. R. Civ. P. 18, 20(a)(2).

Claims that are misjoined may be severed. Fed. R. Civ. P. 21; *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Because several claims – identified together as Count 8 – may be running up against a statute of limitations deadline, Count 8 should be divided into three claims, re-numbered as Counts 11, 12, and 13. These claims should be severed and opened in a new case:

Count 11:   First Amendment retaliation by James Starkweather on October 27, 2011.

Count 12:   Excessive use of force by Christopher Phemister, Kevin Bakos, Jamie Sisk, Christopher Wehrenberg, and Cory Fuqua, on October 27, 2011.

Count 13:   Deliberate indifference to serious medical needs by Rhonna Medlin on October 27, 2011.

Plaintiff's remaining misjoined claims, listed below, should be dropped from this action without prejudice to plaintiff's right to re-file the claims in separate litigation:

Count 14:   Retaliation/Failure to Train and Supervise on October 29, 2012

Count 15:   Retaliation/Failure to Train and Supervise on November 2, 2012

Count 16:   Retaliation/Failure to Train and Supervise/Failure to Intervene on November 4, 2012

Count 17:   Retaliation/Failure to Train and Supervise on November 5, 2012

Count 18:   Retaliation/Failure to Train and Supervise on November 6, 2012

Count 19:   Retaliation/Failure to Train and Supervise on November 13, 2012

Count 20:   Retaliation/Failure to Train and Supervise on November 16, 2012

Count 21:   Retaliation/Failure to Train and Supervise on December 1, 2012

If this recommendation is adopted, the following parties should be terminated from this action: James Starkweather, Jamie Sisk, Kevin Bakos, Cory Fuqua, Jeff Peterson, Brent Hunsaker, Raymond McCann, Albert Wehrheim, Daniel Jeffords, Cole Carter, Chad Parrish, John Wolfe, Brian Dowdy, Cynthia Johnson, Claudia Leslie, Rhonna Medlin, Carol George, and Connie Barbatti.

**SUBMITTED: October 15, 2013 .**

<u>s/Philip M. Frazier</u>
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**