UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH WILBORN,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID EALEY, WILLIAM JOHNSON, ANDREW BENNETT, JAMES LLOYD, SEAN HENRY, SEAN STARKWEATHER, ANGELA WALTER, WILLIAM REES, SORT TEAM DRIVERS, TAC TEAM, SHELBY DUNN, LAKEISHA HAMBY, CHRISTOPHER PHEMISTER, OTHER UNKNOWN STAFF, RICKY DAUGHERTY, DOUGLAS MASON, DEREK RICHARDSON, CHRISTOPHER WEHRENBERG, SHANE OSMAN, JEFF PETERSON, BRENT HUNSAKER, RAYMOND MCCANN, ALBERT WEHRHEIM, DANIEL JEFFORDS, COLE CARTER, CHAD PARRISH, JOHN WOLFE, BRIAN DOWDY, CYNTHIA JOHNSON, CLAUDIA LESLIE and CAROL GEORGE, CONNIE BARBATTI,<br><br>    Defendants. | Case No. 13-cv-70-JPG-PMF |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 90) of Magistrate Judge Philip M. Frazier recommending disposition of certain new claims pled in the Amended Complaint (Doc. 88) pursuant to 28 U.S.C. § 1915A. Magistrate Judge Frazier recommends that the Court allow a new claim and new parties to be added to this case, sever three new claims into three new cases, and dismiss without prejudice eight new claims.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those

unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court has received no objection to the Report. The Court has reviewed the entire file and finds that the Report is not clearly erroneous. Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 90), including the renumbering and defining of the claims in the Amended Complaint;

- **DIRECTS** that Count 10, a state law claim for battery, shall proceed against defendants David Ealey, William Johnson, Andrew Bennett, James Lloyd, Sean Henry and Sean Starkweather. Service of process on these defendants pursuant to Federal Rule of Civil Procedure 4 has been waived (Docs. 74-78 & 85), but the Court reminds Wilborn of his obligation under Federal Rule of Civil Procedure 5(a)(1) to serve these defendants with his amended pleading. There is no certificate of service attached to the amended complaint, and the defendants have not appeared so they have not been served by the Court's electronic filing system. The obligation to file a responsive pleading does not arise until the pleading is served;

- **DIRECTS** that defendants Ricky Daugherty, Douglas Mason, Derek Richardson, Christopher Wehrenberg and Shane Osman be added to Count 5;

    - The Clerk of Court shall prepare for Defendants **RICKY DAUGHERTY, DOUGLAS MASON, DEREK RICHARDSON, CHRISTOPHER WEHRENBERG** and **SHANE OSMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure;

    - With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk;

    - Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating

the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court;

- o Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g);

- **SEVERS** from the instant action and from each other:

   Count 11 (alleging a First Amended violation by defendant James Starkweather on October 27, 2011);

   Count 12 (alleging a claim for excessive use of force by defendants Christopher Phemister, Kevin Bakos, Jamie Sisk, Christopher Wehrenberg and Cory Fuqua on October 27, 2011); and

   Count 13 (alleging deliberate indifference to serious medical needs by Rhonna Medlin on October 27, 2011);

   A separate case shall be opened for each of the three severed claims; each case bearing a separate case number. However, Plaintiff shall have an opportunity to voluntarily dismiss any or all of the newly severed cases if he does not wish to proceed or incur the additional filing fee that must be assessed for each case.

   - o In each new case, the Clerk is **DIRECTED** to file the following documents:

      1. This Memorandum and Order; and

      2. The Amended Complaint (Doc. 88).

   - o Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with any or all of the newly-opened cases, he must notify the Court in writing on or before December 27, 2013. Service will not be ordered on the defendants in the severed cases until after the deadline for Plaintiff's response. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened actions, **Plaintiff will be responsible for an additional filing fee for <u>each</u> new case.** If plaintiff wants to proceed *in forma pauperis* in any of the new cases, he must file a new, separate motion in that case.

- **DISMISSES** the following claims without prejudice:

   Count 14: Retaliation/Failure to Train and Supervise on October 29, 2012;

   Count 15: Retaliation/Failure to Train and Supervise on November 2, 2012;

Count 16: Retaliation/Failure to Train and Supervise/Failure to Intervene on November 4, 2012;

Count 17: Retaliation/Failure to Train and Supervise on November 5, 2012;

Count 18: Retaliation/Failure to Train and Supervise on November 6, 2012;

Count 19: Retaliation/Failure to Train and Supervise on November 13, 2012;

Count 20: Retaliation/Failure to Train and Supervise on November 16, 2012;

Count 21: Retaliation/Failure to Train and Supervise on December 1, 2012;

- **TERMINATES** defendants James Starkweather, Jamie Sisk, Kevin Bakos, Cory Fuqua, Jeff Peterson, Brent Hunsaker, Raymond McCann, Albert Wehrheim, Daniel Jeffords, Cole Carter, Chad Parrish, John Wolfe, Brian Dowdy, Cynthia Johnson, Claudia Leslie, Rhonna Medlin, Carol George, and Connie Barbatti as defendants in the instant action; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: November 19, 2013**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**