UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH WILBORN,

    Plaintiff,

v.

DAVID EALEY, *et al.*,

    Defendants.

Case No. 13-cv-70-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Joseph Wilborn's motion to reconsider (Doc. 274) the Court's September 11, 2015, order (Doc. 272) denying his motion to alter or amend (Doc. 204) the Court's March 17, 2015, order (Doc. 202) granting the motion for summary judgment filed by defendants Lakeisha Hamby and Shelby Dunn (Doc. 140) on the grounds that Wilborn had failed to exhaust his administrative remedies against those defendants. Hamby and Dunn have responded to the motion (Doc. 276). The Court also considers Wilborn's motion to clarify (Doc. 271).

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption

against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

The Court held a hearing on the motion to alter or amend on August 26, 2015, and based on evidence and argument presented at that hearing, found in a September 11, 2015, order that Wilborn had failed to exhaust the administrative remedies available to him by waiting for a month after he received a counselor's response to send the grievance to a grievance officer. This caused the grievance to be filed with the grievance officer more than 60 days after the incident about which Shatner was complaining, even adjusting for time his counselor investigated the grievance.

As a preliminary matter, Wilborn's motion to clarify, filed before the Court's September 11, 2015 order, presents additional argument Wilborn wants the Court to consider in connection with this matter. The Court has considered those arguments and does not find them compelling.

Wilborn now asks the Court to reconsider its September 11, 2015, ruling, arguing that since the first copy of his September 23, 2011, grievance mailed to his counselor, Rick Ridgley, was lost, the remainder of the grievance process was unavailable to him. This argument ignores the fact that Ridgley responded to Wilborn's September 23, 2011, grievance even if it was technically a response to the copy Ridgley received on September 28, 2011, and not a response to the original placed in the mail on September 23, 2011. The bottom line is that Wilborn received a counselor's response to his grievance and was able to file his grievance with the grievance officer in a timely manner, but failed to do so.

Wilborn also complains that the August 26, 2015, hearing on this matter was unfair. First, he complains that Ridgley and grievance officer Toma Branche were able to listen to each other's

testimony at the hearing. The Court finds the hearing was fair despite these witnesses' being able to hear each other's testimony. Wilborn could have asked that the witnesses be excluded from each other's testimony but he failed to do so, waiving the issue. More importantly, Wilborn suffered no prejudice. Generally, the relevant testimony of each witness was about his or her role in the grievance process, which occurred at different stages of the process and was not subject to influence by the other's testimony.

Wilborn also complains that the defendants' counsel did not provide him a pre-hearing list of witnesses that would testify at the hearing. While Wilborn claims he was caught off-guard, he has pointed to no prejudice he suffered and, indeed, was able to effectively cross examine those witnesses.

The Court has already addressed Wilborn's other points in its September 11, 2015, order and need not address them again here.

Because Wilborn has presented no compelling reason for reconsideration of its September 11, 2015, order, the Court **DENIES** his motion to clarify (Doc. 271) and motion for reconsideration (Doc. 274).

**IT IS SO ORDERED.**
**DATED:   November 10, 2015**

                                                    s/ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**