IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH WILBORN,

    Plaintiff,

V.

DAVID EALEY, WILLIAM JOHNSON, ANDREW BENNETT, JAMES LLOYD, SEAN HENRY, SEAN STARKWEATHER, ANGELA WALTER, WILLIAM REES, SHELBY DUNN, LAKEISHA HAMBY, CHRISTOPHER PHEMISTER, RICKY DAUGHERTY, DOUGLAS MASON, DEREK RICHARDSON, CHRISTOPHER WEHRENBERG, SHANE OSMAN and UNKNOWN SORT TEAM DRIVERS/TAC TEAM MEMBERS/OTHER STAFF,

    Defendants.

No. 13-CV-70-JPG-PMF

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the timely motion of plaintiff Joseph Wilborn (a/k/a Joseph Wilbourn) to alter or amend the judgment in this case pursuant to Federal Rule of Civil Procedure 59(e) or for a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(B) (Doc. 333).  The Court also considers the motion under other potentially applicable rules providing for post-judgment relief.  On April 28, 2016, the Court entered judgment in this case following rulings on dispositive motions and a bench trial on the remaining issues.  Wilborn now asks the Court to alter that judgment and to grant him a new trial.  Specifically, he challenges the Court's credibility determinations and raises issues that are not material to the disposition of the claims tried.

Under Rule 59(e), the Court has an opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006).  Rule 59(e)

relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Rule 59(a)(1)(B) allows the Court to grant a new bench trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Those reasons include a manifest error of law or mistake of fact, which must amount to a substantial reason. 11 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2804 (3d ed. Supp. 2016); *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995). Alternatively, under Rule 59(a)(2), the Court has discretion to "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." *See, e.g., Johnson v. Hix Wrecker Serv., Inc.*, 528 Fed. App'x 636, 639 (7th Cir. 2013). The purpose of these rules is to allow the Court an opportunity to correct its own mistakes to avoid unnecessary appellate proceedings. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

In addition, Rule 52(b) allows the Court, in its discretion, to "amend its findings – or make additional findings – and . . . amend the judgment accordingly." To obtain relief under Rule 52(b), a party must "raise questions of substance by seeking reconsideration of material findings of fact or conclusions of law to prevent manifest injustice or reflect newly discovered evidence." 11 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2582 (3d ed. Supp. 2016). Rule 52(b) does not provide an opportunity to relitigate a case, to present new evidence that could have been presented before, or to advance a new legal theory. *Id.*

In his motion, Wilborn has not shown he has newly discovered material evidence, that there has been an intervening change in the law, or that the Court has made a manifest error of law or fact. Nor has he shown a good reason to reopen the proceedings to take additional

material testimony, to amend the findings of fact or conclusions of law, or to make new ones. Instead, he challenges the Court's credibility findings, which were explained in its findings of fact, and objects to the Court's failure to discuss or make findings relating to immaterial evidence.  Wilborn's motion does not demonstrate that he will suffer injustice under the existing judgment.  Because he has presented no substantial reason for revisiting the Court's judgment in this case, the Court **DENIES** Wilborn's motion (Doc. 333).  The Court advises Wilborn that if he wishes to appeal the judgment in this case or this order, he must file a notice of appeal in this Court within 30 days of entry of this order, Fed. R. App. P. 4(a)(1)(A), (a)(4)(A) & (a)(4)(B)(ii), or within any extension of that deadline authorized by the Court, Fed. R. App. P. 4(a)(5).

**DATED:  May 3, 2016**
**IT IS SO ORDERED.**

                 s/ J. Phil Gilbert
                 **J. PHIL GILBERT**
                 **DISTRICT JUDGE**