IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH WILBORN,<br><br>　　　　Plaintiff,<br><br>　V.<br><br>DAVID EALEY, WILLIAM JOHNSON, ANDREW BENNETT, JAMES LLOYD, SEAN HENRY, SEAN STARKWEATHER, ANGELA WALTER, WILLIAM REES, SHELBY DUNN, LAKEISHA HAMBY, CHRISTOPHER PHEMISTER, RICKY DAUGHERTY, DOUGLAS MASON, DEREK RICHARDSON, CHRISTOPHER WEHRENBERG, SHANE OSMAN and UNKNOWN SORT TEAM DRIVERS/TAC TEAM MEMBERS/OTHER STAFF,<br><br>　　　　Defendants. | No. 13-cv-70-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Joseph Wilborn's (a/k/a Joseph Wilbourn) objection (Doc. 340) to the bill of costs filed by defendants Shelby Dunn and Lakeisha Hamby in the amount of $496.72 for deposition transcripts necessarily obtained for use in the case (Doc. 337). Wilborn argues that he was unaware that he may be liable for costs and that he has no ability to pay. The Court considers in connection with this issue a trust fund statement for Wilborn's account from November 5, 2015, to May 6, 2016, showing an available balance of $101.87.

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Costs allowed to be taxed are set forth in 28 U.S.C. § 1920. The Court may then review the Clerk's action within the next 7 days. *Id.* The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

A reduction or denial of costs may be appropriate where a non-prevailing party is indigent and his suit is not frivolous. *See Rivera v. City of Chi.*, 469 F.3d 631, 634-35 (7th Cir. 2006) (citing *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)). In deciding whether to hold an indigent party liable for costs, the Court should examine the party's income, assets and expenses and make a threshold finding whether the losing party is incapable of paying the costs at the present time or in the future. *Rivera*, 469 F.3d at 635. The Court should also consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The exception to the cost-shifting presumption for indigent losing parties is narrow, and the burden is on the losing party to show he fits within the exception. *Id.* at 636. If the Court reduces or denies costs, it must explain its decision. *Krocka*, 203 F.3d at 518.

The Court has reviewed Wilborn's inmate trust fund statement and information from the Illinois Department of Corrections website indicating Wilborn's projected parole date is in 2059. *See* http://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (search by name for Wilbourn, then select "Wilbourn, Joseph"). This review indicates that Wilborn has received $340 in gifts from people outside the prison and has spent more than $200 on commissary purchases during the time period covered by the statement. The majority of his commissary spending was on four substantial purchases costing approximately $54, $31, $44 and $30, respectively. Wilborn has no expenses for food or shelter and minimal expenses for court fees, health care, library, copies and postage. The Court notes that Wilborn's income is unlikely to change significantly in the future in light of the fact that he will likely be incarcerated until his late seventies. For these reasons, the Court finds Wilborn is indigent and is unable to pay the full $496.72 in this case now or in the foreseeable future. However, in light of the minimal living expenses he must pay and his history of some income, much of which he has chosen to spend at

the commissary up to this point, the Court finds he will be able to pay *some costs* without undue hardship in the near future.

The Court further notes that this action was not frivolous and involved important constitutional rights under the First and Eighth Amendments involving the use of force in prison, subsequent medical treatment and the right to petition the government.  The Court believes Wilborn's pursuit of this action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay the defendants' costs.

For these reasons, the Court **OVERRULES** Wilborn's objection to costs (Doc. 340) but will reduce the amount of costs requested to $150, just less than the total of Wilborn's four substantial commissary purchases in the last six months.  Therefore, the Court orders an award of costs in the total amount of $150 to defendants Shelby Dunn and Lakeisha Hamby.  The Court further **DIRECTS** the Clerk of Court to enter a judgment of costs accordingly.

**DATED:  May 11, 2016**
**IT IS SO ORDERED.**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**