IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH WILBORN,<br><br>    Plaintiff,<br><br>V.<br><br>DAVID EALEY, WILLIAM JOHNSON, ANDREW BENNETT, JAMES LLOYD, SEAN HENRY, SEAN STARKWEATHER, ANGELA WALTER, WILLIAM REES, SHELBY DUNN, LAKEISHA HAMBY, CHRISTOPHER PHEMISTER, RICKY DAUGHERTY, DOUGLAS MASON, DEREK RICHARDSON, CHRISTOPHER WEHRENBERG, SHANE OSMAN and UNKNOWN SORT TEAM DRIVERS/TAC TEAM MEMBERS/OTHER STAFF,<br><br>    Defendants. | No. 13-cv-70-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Joseph Wilborn (a/k/a Joseph Wilbourn) for relief under Rule 59(e) (Doc. 356). Wilborn asks the Court to amend the judgment to consider the December 11, 2015, deposition testimony of orthopedic specialist Dr. Joseph Newcomer taken in a related case or the testimony Dr. Newcomer would have given had he been called as a witness in this case. Wilborn claims this testimony is newly discovered evidence. He also complains that the defendants did not identify in discovery the identity of the nurse who saw him immediately after the altercation at Menard Correctional Center.

The Court set forth in its May 3, 2016, order the standards applicable to Wilborn's request to alter or amend the judgment. Nothing in Wilborn's new motion causes the Court to find he has met any of those standards.

First, Wilborn has not shown Dr. Newcomer's deposition testimony is newly discovered evidence. The testimony occurred in December 2015, so it existed before the trial of this case. Furthermore, Wilborn states he did not get a copy of the deposition transcript until 2016, but

there is no evidence he did not receive it before the trial of this case.  More importantly, regardless of when Wilborn received the transcript, Dr. Newcomer's existence as a potential witness was clear at least as early as his deposition in December 2015, yet Wilborn did not attempt to call him as a witness in this case.

Second, the Court has reviewed Dr. Newcomer's deposition testimony and finds that, even if Dr. Newcomer had testified in this case as he did in his deposition, the Court's findings of fact and conclusions of law would not have changed.  Dr. Newcomer offered opinions regarding the performance of the medical doctor at Tamms Correctional Center, not the defendants in this case.  His testimony does not provide support for the proposition that any of the defendants in this case actually knew of and disregarded Wilborn's serious medical need for treatment of his shoulder.

As for Wilborn's failure to identify in discovery the nurse who saw him immediately after the altercation at Menard Correctional Center, that does not support any ground to alter or amend the judgment.

For these reasons, the Court **DENIES** Wilborn's Rule 59(e) motion (Doc. 356).  The Court advises Wilborn that if he wishes to appeal this order, he must file a notice of appeal in this Court or amend his existing notice of appeal within 30 days of entry of this order, Fed. R. App. P. 4(a)(1)(A) & 4(a)(4)(B)(ii), or within any extension of that deadline authorized by the Court, Fed. R. App. P. 4(a)(5).

**DATED:  May 20, 2016**
**IT IS SO ORDERED.**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**